FILED
2013 Sep-30  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON JACKSON,**      ) | |
| ) | |
| ) | |
|     **Plaintiff,**      ) | |
| ) | |
| v.      ) | **Civil Action No.:** _____ |
| ) | |
| **NATIONAL CREDIT SYSTEMS, INC.,**      ) | **JURY DEMAND** |
| **EXPERIAN INFORMATION**      ) | |
| **SOLUTIONS, INC.,**      ) | |
|     **Defendants.**      ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1. Plaintiff Brandon Jackson is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant National Credit Systems, Inc. (hereinafter "NCS") is a Georgia corporation with its principal place of business located in Atlanta, Georgia and was doing business in Jefferson County, Alabama at all times material to this Complaint.

3. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing business in Jefferson County, Alabama at all times material to this Complaint.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

5. Plaintiff Brandon Jackson is a "consumer" as defined and contemplated under 15 U.S.C. § 1681a(b) and (c) of the Fair Credit Reporting Act ("FCRA").

6. The debt being collected is a "consumer debt" as defined by the FDCPA.

7. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

8. Defendant NCS is a "debt collector" as defined by the FDCPA.

9. In early 2013, Plaintiff applied for a lease at an apartment complex but was declined due to his credit report published by Defendant Experian showing Defendant NCS claiming he owed more than $1400 for an old lease at the complex where he currently lives.

10. Plaintiff contacted Defendant NCS directly informing it of the inaccurate information in his credit report, yet Defendant NCS ignored his requests.

11. Plaintiff requested the account be deleted, as Plaintiff did not owe said account.

12. On or about April 29, 2013, Plaintiff sent a letter to Defendant Experian disputing the inaccurate information from Defendant NCS that was showing on his credit report and even enclosed a letter from the apartment complex showing on the credit report as being owed money, Olympia Village, that stated Plaintiff had a "$0.00" balance with Olympia Village.  The certified mail return recipt shows that Experian signed for the certified mail dispute letter on May 8, 2013.

13. Although Defendant Experian received the dispute letter from Plaintiff as evidenced by a signed certified mail return receipt, Defendant Experian failed and refused to respond to Plaintiff's dispute.

14. Further, Plaintiff has never received a response to the dispute letter he sent on or about April 29, 2013.

15. On June 10, 2013, thirty-two (32) days after having sent the dispute letter, Plaintiff

obtained a credit report from Defendant Experian which still shown the inaccurate account of Defendant NCS.

16. Defendants Experian and/or NCS failed to comply with each one's respective duties under the Fair Credit Reporting Act ("FCRA").

17. No Defendant was concerned or cared about what Olympia Village, the entity being shown as the original creditor on the credit reports, said s no Defendant had any intention of performing a reasonable investigation.

18. In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

19. Defendant Experian notified Defendant NCS in accordance with the FCRA of the dispute by the Plaintiff.

20. Alternatively, Defendant Experian did not properly notify Defendant NCS, and as a part of this failure, did not include all relevant information provided by Plaintiff in the notification of Defendant NCS. This includes notification that Plaintiff had a $0.00 balance with Olympia Village.

21. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the account would have been deleted.

22. Defendant Experian was unconcerned with and did not care about Plaintiff's call for an investigation into the accuracy of his credit report as it had no intention of performing a reasonable investigation. In fact, Experian failed to perform any type of reasonable investigation and/or re-investigation.

23. Defendant Experian is a consumer reporting agency responsible for conducting a reinvestigation upon receiving a dispute from a consumer regarding information in its credit files concerning the consumer, yet Experian failed and refused to perform its statutorily mandated duties.

Experian failed to properly investigate and/or re-investigate these disputes, and if Defendant had properly investigated, the inaccurate account would have been corrected.

24.     Defendant Experian failed to conduct any manner of investigation, much less a reasonable investigation.

25.     Defendants Experian and/or NCS willfully and purposely failed and refused to perform a reasonable investigation and/or reinvestigation of the disputed trade lines and wholly and willfully failed and refused to provide Plaintiff with any investigation and/or reinvestigation results.

26.     The fact Defendant Experian failed to issue a report in response to Plaintiff's dispute following Plaintiff's proper dispute under the FCRA shows that Defendant Experian failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

27.     Defendants Experian and/or NCS were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the accounts complained of were being reported incorrectly.  Despite Plaintiff's dispute providing Defendants with the information to make her accounts accurate, Defendants Experian and/or NCS have completely abdicated its obligations under federal and state law.

28.     Defendant Experian has a policy and procedure to fail and refuse to update credit reports of consumers, like Plaintiff, who inform it that there credit file with Defendant contains inaccuracies.

29.     Defendant Experian has a policy to favor the paying customer, in this situation Defendant NCS, rather than what the consumer or even a court says about a debt.

30.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

31. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

32. Defendant NCS has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant NCS knows no balance is owed.

33. Defendant NCS promises through subscriber agreements or contracts to accurately update accounts but Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

34. Defendant NCS had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

35. Defendant NCS has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct. In this matter, Defendants NCS and Experians' failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

36. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

37. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

38. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

39. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

40. Defendant NCS failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or failed to properly perform its duties as required by 15 U.S.C. §§ 1681s-2(b), concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

41. Defendant NCS has continued reporting the inaccurate information of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

42. Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

43. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

44. It is a practice of Defendant NCS to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

45. It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

46. All actions taken by employees, agents, servants, or representatives of any type for any reason by Defendants Experian and NCS were taken in the line and scope of such individuals (or entities') employment, agency or representation.

47. All actions taken by all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law. The inaccurate reports prepared by Defendant Experian have been used by third parties to cause adverse actions with respect to Plaintiff, including negatively affecting her credit, credit opportunities, insurance rates, credit card rates, and other such items.

48. Defendants Experian and/or NCS have engaged in a pattern and practice of wrongful and

unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

49. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

50. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

51. Plaintiff is a "consumers" or "persons," as defined and contemplated under the FCRA in 15 U.S.C. § 1681a(b) and (c).

52. Defendant NCS is an entity who, regularly and in the course of business, furnish information to one or more consumer reporting agencies about transactions or experiences with any consumer and therefore constitute a "furnisher," as codified at 15 U.S.C. § 1681s-2.

53. Plaintiff notified Defendant Experian directly of a dispute about Defendant NCS account's completeness and/or accuracy, as reported.

54. The credit reporting agency, Defendant Experian, failed to do a reasonable reinvestigation, delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate and/or reinvestigate Plaintiff's disputes.

55. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

56. Plaintiff alleges that Defendants NCS and Experian failed to conduct a

proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were provided correspondence from Olympia Village that the account was inaccurate but each Defendant failed to contact Olympia Village and/or perform other proper and reasonable measures.

57. All actions taken by Defendants NCS and Experian were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

58. Defendants NCS and Experian's violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants NCS and Experian, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## DEFAMATION

59. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

60. Defendant NCS published false information about Plaintiff by reporting to one or more

of the Consumer Reporting Agencies (CRAs) the account showing it as a balance being owed when it was not and/or failed to accurately reflect the status of Plaintiff's account.

61. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

62. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

63. Plaintiff has been damaged as a proximate result of Defendant NCS' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment Defendant NCS, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

64. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

65. Defendant NCS violated the FDCPA in numerous ways, including, but not limited to the following:

      a.      Falsely reporting the debt on Plaintiff's credit reports with Experian when Plaintiff does not owe the money;

      b.      Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Cap One is not entitled to collect upon;

      c.      Engaging in unfair and unconscionable collection practices by refusing to remove the inaccurate information from Plaintiff's credit reports.

66. The violations of the FDCPA by the Defendant NCS are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant NCS' conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant NCS for statutory, actual, compensatory and/or punitive damages to be determined by the trier of fact, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

67. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

68. Defendant NCS recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

69. Plaintiff has been damaged as a proximate result of Defendant NCS' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment Defendant NCS for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS, WILLFUL AND/OR INTENTIONAL CONDUCT

70. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71. Defendant NCS has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

72. Defendant NCS has agreed to follow and understands they must follow the requirements of the FCRA.

73. Defendant NCS has a duty under Alabama law to act reasonably under the circumstances.

74. Defendant NCS has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

75. Defendant NCS knew Plaintiff did not owe this amount yet continued to attempt this invalid debt from Plaintiff

76. Defendant NCS violated its duties to Plaintiff and such violations were made willfully, intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

77. Defendant Experian violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

78. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian and/or NCS, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

### NEGLIGENCE/RECKLESSNESS IN HIRING, SUPERVISING, AND/OR TRAINING

79. All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

80. Defendants Experian and/or NCS were negligent, reckless or wanton in the hiring, training, and/or supervision of their employees and/or agents.

81. The employees and/or agents of these Defendants, while acting in furtherance of

each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

82. The negligent, willful, reckless, or wanton conduct of those employees and/or agents of all Defendants while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

83. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian and/or NCS, jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.
e in this matter being reported inaccurately on his credit reports.

                                                            s/Wesley L. Phillips
                                                            Wesley L. Phillips (PHI053)
                                                            Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236

Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
wlp@wphillipslaw.com


<u>Plaintiff's Address</u>:
103 Olympia Drive
Birmingham, Alabama 35209


### JURY DEMAND

Plaintiff demands a trial by struck jury.

                                               s/Wesley L. Phillips
                                               OF COUNSEL


### **PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

National Credit Systems, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104